IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Terry Keels Pressley, #137798, ) | |
| ) | Civil Action No. 6:10-1804-CMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Ridgeland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined in the MacDougal Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment of the Clerk of Court for Williamsburg County. The petitioner was indicted at the November 1986 term of the Williamsburg County Grand Jury for Armed Robbery (Count 1), Possession of a Weapon During Violent Crime (Count 2), Possession of Cocaine with Intent to Distribute (Count 4), Manufacture of Cocaine (Count 5), Resisting Arrest (Count 6), Aggravated Assault & Battery (Count 7), Aggravated Assault & Battery (Count 8) and Malicious Injury (Count 9). The petitioner, represented by attorney Gordon B. Jenkinson, proceeded to a jury trial on January 21-23, 1987, before the Honorable John

Hamilton Smith. The petitioner was found guilty and sentenced[1] to 25 years imprisonment for Armed Robbery, five years imprisonment, consecutive, for Possession of a Weapon During Violent Crime, and 15 years imprisonment, consecutive, for Manufacture of Cocaine. The petitioner was sentenced to six years imprisonment on each of the remaining charges, with those sentences to be served concurrently with the other sentences and with each other. The aggregate sentence was 45 years.

An appeal was filed. In the appeal, the petitioner was represented by D. Mark Stokes of the S.C. Office of Appellate Defense. He raised three issues which concerned suppression of items from the motel room, whether a directed verdict should have been granted concerning manufacture of cocaine, and whether the resisting arrest charge and two counts of assault and battery of a high and aggravated nature should have been dismissed. The South Carolina Supreme Court affirmed the petitioner's conviction and sentence.

## *First Application for Post-Conviction Relief*

The petitioner filed an application for post-conviction relief ("PCR") on July 17, 1989, in which he asserted the following grounds for relief:

---

[1]During the 1987 sentencing proceeding, the court stated as follows:

THE COURT: In regard to Pressley, sentence of the court in regard to armed robbery . . .Sentence of the court the defendant be in the custody of the Board of Corrections for a period of 25 years; for the possession of a weapon, sentence of the Court be in the custody Board of Corrections for five years; cocaine charge, sentence of the court the defendant be in custody Board of Corrections for 15 years. Now, those three would be consecutive. The balance of the sentences, the resisting, ABHAN charges and malicious injury, sentence of the Court on each one of those, defendant be in the custody Board of Corrections for a period of six years ; but those would run concurrent with each other and concurrent with the first three sentences given.

(Resp. m.s.j., ex. 11, *State v. DeCoster and Pressley,* January 21-23, 1987, Tr. 489).

2

> (1)  Ineffective assistance of counsel because attorney failed to object to a search warrant of a room when it was based upon the false statements material to the finding of probable cause.
>
> (2)  Illegal arrest.

The respondent made its return in November 9, 1989. An evidentiary hearing was convened on July 26, 1990, at which the petitioner was present and represented by counsel. The Honorable James E. Lockemy denied and dismissed the application in a written order on September 12, 1990.

> The petitioner made a petition for writ of certiorari from the denial. He was

represented by Joseph L. Savitz of the Office of Appellate Defense. In the appeal, he raised the following issue:

> (1)  Did Petitioner receive effective assistance of counsel where his attorney failed to cross-examine police officers about the exigent circumstances that allowed them to enter Petitioner's motel room without a warrant?

The petitioner's Petition for Writ of Certiorari to the South Carolina Supreme Court was denied on September 24, 1991, by letter order.

*First Federal Habeas Action, Pressley v. Medlock, 4:92-70-GRA*

> The petitioner filed a petition for writ of habeas corpus in the United States

District Court on January 21, 1992 (C.A. No. 4:92-70-GRA). In this action, he raised ten specific claims. The respondents made their Return and Motion for Summary Judgment on March 10, 1992. In an order dated August 26, 1992, the Honorable G. Ross Anderson, Jr., now Senior United States District Judge, granted the motion for summary judgment and denied and dismissed the petition. In denying relief, Judge Anderson summarized the sentencing of the petitioner as: He [was] sentenced to twenty-five (25) years for armed robbery, five years consecutive for possession of a weapon during a violent crime, fifteen (15) years consecutive for manufacture of cocaine, six (6) years concurrent for resisting

arrest, six (6) years concurrent for assault and battery of a high and aggravated nature , and six (6) years concurrent for malicious injury to property (resp. m.s.j., ex. 6, *Pressley v. Medlock*, 4:92-70, Order, Aug. 28, 1992, 1-2).

The petitioner sought an appeal to the United State Court of Appeals. The appeal was denied in an unpublished opinion (*id.*, ex. 8, *Pressley v. Medlock*, No. 92-6955 (4th Cir. December 20, 1993)(unpublished)).

The petitioner also sought certiorari to the United States Supreme Court from the denial of federal habeas corpus relief. On May 23, 1994, certiorari was denied.

### *State Court Habeas Action, 1996-CP-45-0233*

The petitioner then filed a petition for writ of habeas corpus in the state circuit court (1996-CP-45-0233). In his petition, he stated he was "sentenced by the Honorable John Hamilton Smith to confinement for a period of forty-five years." The respondent made its return and motion to dismiss on July 25, 1996. On July 27, 1996, the petition was denied and dismissed.

Thereafter, counsel for the petitioner, Harry L. DeVoe, Jr., filed a response to the motion to dismiss, and the petitioner sought an order vacating the July 27, 1996, order. A hearing was held on January 26, 1998, before the Honorable Thomas W. Cooper, Jr. In a written order dated April 9, 1998, Judge Cooper found that the petition was properly dismissed.

In an appeal from the denial, a *Johnson* petition for writ of certiorari was filed, and the petitioner submitted a *pro se* petition. In an order dated November 5, 1999, the South Carolina Supreme Court denied the petition. The remittitur was sent on November 23, 1999.

***1999 PCR Application, 99-CP-45-463***

The petitioner next filed a PCR application on December 29, 1999 (1999-CP-45-0463). In this application, the petitioner asserted that the trial court lacked subject matter jurisdiction to sentence him for Manufacture of Cocaine due to deficiencies in the indictment. The respondent made its return and motion to dismiss on May 4, 2001. An evidentiary hearing was convened on August 16, 2001, at which the petitioner was present and represented by counsel William Barr. In an order dated January 8, 2002, the Honorable Howard P. King denied and dismissed the application as successive and barred by the one-year statute of limitations.

A timely appeal was taken. A *Johnson* petition for writ of certiorari was filed, and the petitioner submitted a *pro se* petition. In an order dated November 7, 2002, the South Carolina Supreme Court denied the petition. The remittitur was sent on November 25, 2002.

***Second Federal Habeas Action, 6:03-3137-GRA***

On October 2, 2003, the petitioner filed a second federal habeas petition. In that petition, he attacked the legality of his indictment, asserting that he was denied due process in his state court proceedings. That case was summarily dismissed without prejudice by Judge Anderson on November 3, 2003, because the petitioner failed to first seek authorization from the United States Court of Appeals for the Fourth Circuit before proceeding with the successive § 2254 petition.

***Denial of Authorization to File a Second Federal***
***Habeas Action, In Re Terry K. Pressley, 04-155***

The petitioner next filed for authorization to file a successive petition for relief in the United States Court of Appeals for the Fourth Circuit on May 3, 2004. In his request,

he again noted that the length of his sentence was "45 years." On May 18, 2004, the Fourth Circuit, in a panel consisting of Judge Wilkinson, Judge Luttig, and Judge Michael, denied the motion (resp. m.s.j., ex. 10, Order Denying Motion to File Successive Application).

### *2009 State PCR Application, 2009-CP-45-0062*

The petitioner next made an application filed February 4, 2009. In this application for post-conviction relief, the petitioner alleged that he was being held in custody unlawfully for the following reasons:

> Sentence has expired. SCDC has unlawfully extended sentence from forty (40) to forty-five (45) years "by including a five (5) year sentence for Possession of a Weapon, which was never authorized by the court."

The petitioner attached a letter from the Department of Corrections dated January 17, 2008, in which he requested the max-out dates for his sentences stating: "I have three (3) consecutive sentences: robbery 25 yrs; cocaine 15 yrs; and weapon 5 yrs." Within the application, the petitioner complained that the commitment papers from the Clerk's Office did not include Judge Smith's signature on the five-year sentence for possession of a weapon during the commitment of a violent crime (86-GS-45-511). He contends that since apparently SCDC officials "s/" his name, he is not required to serve that portion of the sentence (resp. m.s.j., ex. 3, *Pressley v. State*, 2009-CP-45-0062, PCR App., 4).

The respondent, through Assistant Attorney General Mary Williams, made a return and motion to dismiss on December 22, 2009. In the motion, the State contended that the application was barred as a successive application under South Carolina Code Annotated § 17-27-90 and time-barred under the state PCR statute of limitations, South Carolina Code Annotated § 17-27-45. On January 4, 2010, the Honorable R. Ferrell Cothran, Jr., presiding judge issued his conditional order of dismissal (*id.*, ex. 5, *Pressley*

*v. State*, 2009-CP-45-0062, Conditional Order of Dismissal). The matter is now pending a final order of dismissal.

### *Third Federal Habeas Action, Pressley v. Warden, 6:09-cv-2410-CMC*

On September 18, 2009, the petitioner filed his third federal habeas petition. In that petition, he alleged that his sentence had expired.  The petitioner argued there had been "inordinate" delay by the state courts in the consideration of his 2009 state PCR application and thus the requirement of exhaustion should be excused. The Honorable Cameron McGowan Currie, United States District Judge, summarily dismissed the petition without prejudice on November 4, 2009, noting that the petitioner had made no showing that he had moved in state court to compel the State's compliance with the statute's time limitation (*Pressley v. Warden*, 6:09-cv-2410-CMC, doc. 17, Order Dismissing Petition, 3).

### *Current Petition*

In his petition now before this court, the petitioner makes the following allegations:

(1)   My sentence has expired.

    A.   My forty (40) year aggregate sentence has expired.

    B.   South Carolina Department of Corrections officials have extended my confinement by increasing my aggregate sentence of forty (40) years by including a five (5) year sentence for possession of a weapon which was never signed or authorized by any judge of any court.

On September 24, 2010, the petitioner filed a motion for summary judgment, and on September 27, 2010, he filed a motion for default judgment.  On October 18, 2010, the respondent filed a motion for summary judgment.  By order filed October 19, 2010,

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response, along with his own second motion for summary judgment, on November 8, 2010. The respondent filed a response to the petitioner's motion on November 16, 2010, and the petitioner replied on November 29, 2010.

## APPLICABLE LAW AND ANALYSIS

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### *Petitioner's Motion for Default Judgment*

The petitioner filed a motion for default judgment (doc. 20) on September 27, 2010, arguing that the respondent did not timely answer or otherwise respond to his petition. The response to the petition was originally due on or before September 17, 2010. On September 17th, the respondent moved for an extension of time to make return or otherwise plead. This court granted the motion and extended the deadline to October 18, 2010. The respondent timely filed his return and motion for summary judgment on that date (docs. 21, 22). Accordingly, this court recommends that the petitioner's motion for default judgment be denied.

***Motions for Summary Judgment***

The petitioner contends that because the sentencing sheet on the possession of a weapon charge, which showed a five-year sentence consecutive to the armed robbery and drug sentences, was not signed by the sentencing judge, his aggregate sentence was actually 40 years rather than 45 years. The respondent's motion for summary judgment should be granted for the reasons set forth below.

The respondent first argues that the petition has not been authorized by the Fourth Circuit Court of Appeals. A federal habeas applicant cannot file a successive petition in the district court unless he "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The "gatekeeping" provision applies where the applicant filed the prior petition before the enactment of the AEDPA. *See Felker v. Turpin*, 518 U.S. 651 (1996).

As discussed above, the petitioner filed a prior federal habeas corpus action, *Pressley v. Medlock*, 4:92-70-GRA, which was decided on the merits by Judge Anderson in an order denying habeas corpus relief on August 28, 1992. Further, on May 18, 2004, the Fourth Circuit denied a request to allow a successive application in *In Re: Terry K. Pressley*, 04-155. The respondent has not located any authorization for this successive application, and the petitioner does not reference any such authorization in his response in opposition to the motion for summary judgment.

The petitioner argues that the AEDPA's bar on second and successive habeas corpus applications applies only to a second or successive application challenging the same state court judgment (pet. reply at 2-3) (citing *Magwood v. Patterson*, 130 S.Ct. 2788 (2010)). That is exactly the situation presented here. In his first federal habeas action, which was decided on the merits by Judge Anderson, the petitioner challenged the same state court judgment at issue here (*see* resp. m.s.j., ex. 6, *Pressley v. Medlock*, C.A.

No. 4:92-70-GRA).  Thus, the petitioner was required to obtain authorization for this application.

> Furthermore, under the AEDPA:
>
> 2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(2).

The record reveals that the petitioner's claim that he only received a 40-year as opposed to a 45-year sentence is not new information. The petitioner knew that the sentencing sheet for possession of a weapon did not have a signature of the court since it was provided to him as a part of the clerk records during the state PCR proceedings. In addition, the fact that the SCDC was treating his sentence as a 45-year aggregate sentence was known by the petitioner since his sentencing in 1987 and affirmed by the petitioner in his prior pleadings in state court and the earlier federal pleadings. Based upon the foregoing, the petition should be dismissed.

The respondent argues in the alternative that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. Title 28, United States Code, Section 2244(d) provides in pertinent part:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

11

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \*\*\*
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, as argued by the respondent, the fact that the sentencing sheet for possession of a weapon did not have a signature of the court could have been discovered by the petitioner when the sheet was provided to him as a part of the clerk records during his state PCR proceedings in 1989, 1996, and 1999. The petitioner's convictions became final before the enactment of the AEDPA. Accordingly, the limitations period began to run, at the latest, with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000). The limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The limitations period was tolled between July 18, 1996, and November 23, 1999 (1996-CP-45-0233). The limitations period would not be tolled for the petitioner's next state PCR action (1999-CP-45-0463) because it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (Time-barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling.). His last state PCR action (C.A. No. 2009-CP-45-0062) was filed on February 4, 2009, and is now pending a final order of dismissal. Over nine years of non-tolled time passed between the petitioner's first post-AEDPA state PCR application and his last, which is still pending. Accordingly, the current petition is time-barred.

Even assuming the petitioner had obtained authorization to file this successive application and his petition was timely, his allegations fail on the merits. It is not disputed

12

that the petitioner was convicted of, among other crimes, possession of a weapon during a violent crime, count two on Indictment 86-GS-45-511.  During the 1987 sentencing proceeding, the court stated as follows:

> THE COURT: In regard to Pressley, sentence of the court in regard to armed robbery . . .Sentence of the court the defendant be in the custody of the Board of Corrections for a period of 25 years; for the possession of a weapon, sentence of the Court be in the custody Board of Corrections for five years; cocaine charge, sentence of the court the defendant be in custody Board of Corrections for 15 years. Now, those three would be consecutive. The balance of the sentences, the resisting, ABHAN charges and malicious injury, sentence of the Court on each one of those, defendant be in the custody Board of Corrections for a period of six years ; but those would run concurrent with each other and concurrent with the first three sentences given.

(Resp. m.s.j., ex. 11, *State v. DeCoster and Pressley,* January 21-23, 1987, Tr. 489).  The sentencing sheet for the possession of a weapon charge states that the sentence was for five years consecutive, although it did not have Judge Smith's actual signature on it, unlike the sentencing sheets for the other crimes (*id.*, ex. 2).  At some point, a copy of the same sentencing sheet at the SCDC carried a conformed signature of Judge Smith consistent with his oral sentence (*id.*, ex. 1).

As argued by the respondent, the effect of the failure of Judge Smith to sign the sentencing sheet is purely a state law matter.  There is no federal constitutional requirement with respect to the form of the sentencing.  Habeas corpus relief is available to a state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Federal habeas is unavailable to retry state issues. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).  "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1989).  *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on

13

state-law questions."). The petitioner has failed to allege or show that he is in custody in violation of the Constitution or any federal law. Accordingly, his petition should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 22) be granted and the petitioner's motions for summary judgment (docs. 18, 28) and for default judgment (doc. 20) be denied.

s/Kevin F. McDonald
United States Magistrate Judge

March 7, 2011

Greenville, South Carolina