IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Keels Pressley, #137798, | ) | C/A NO. 6:10-1804-CMC-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Willie Eagleton, Warden of Evans Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  This matter is before the court on application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 7, 2011, the Magistrate Judge issued a Report recommending that Petitioner's motion for default judgment be denied, Respondent's motion for summary judgment be granted, and that this petition be dismissed. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on March 21, 2011.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner argues that the Report fails to consider "the main issue" of the petition; that is, that he contends he is being held in custody in violation of his Due Process and Equal Protection rights. Obj. at 1-2 (Dkt. #38, filed Mar. 21, 2011). However, this argument does not cure the deficiencies of the petition, namely, that it is successive in nature, untimely, and fails on its merits. Petitioner's objections are without merit and are rejected.

Petitioner's motion for default judgment is **denied**. To the extent this petition is successive in nature, it is dismissed without prejudice as this court is without jurisdiction to consider it. However, even if the petition was properly before this court, the court finds in the alternative that the petition is untimely and Petitioner has failed to raise a cognizable claim under § 2254. Therefore, to the extent properly before this court, Respondent's motion for summary judgment is **granted**, and the petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY
The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                          s/ Cameron McGowan Currie
                          CAMERON McGOWAN CURRIE
                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 28, 2011